IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Michael Anthony Bell, ) | C/A No.: 1:05-3383-CMC |
| ) | Cr. No.: 1:91-189 |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **OPINION and ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

     This matter is before the court on Petitioner's *pro se* motion filed pursuant to 28 U.S.C. § 2255. Petitioner seeks relief from this court over ten (10) years after Petitioner's conviction became final. *See United States v. Bell*, 36 F.3d 1094 (4th Cir. 1994) (unpublished), *cert. denied*, 513 U.S. 1168 (1995). The current motion is one of numerous lengthy, meritless, and repetitive motions Petitioner has filed in this court subsequent to his conviction, and follows on the heels of a 300-page motion which Petitioner filed in his criminal case at the end of November, 2005. *See* D.S.C. Cr. No. 1:91-189, Docket Entry Number #61, filed Nov. 21, 2005. This court construed that motion as a successive petition under § 2255 and dismissed it as this court lacks jurisdiction to entertain it. *See* Docket Entry Number #66, filed Nov. 28, 2005.

     Petitioner's current motion is also successive. Petitioner had a previous § 2255 motion in this court that was denied in 1998. *See Bell v. United States*, D.S.C. C/A No. 1:97-930-06. Petitioner's failure to seek permission to file a second or successive petition in the appropriate court of appeals prior to the filing of the current petition is fatal to the outcome of any action by this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. §

2255. Prior to filing a second or successive petition under § 2255, Petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.[1]

---

[1] If Petitioner's claims were not successive in nature, this court would find this motion to be an untimely petition under § 2255. The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), imposed a one-year statute of limitations on petitions under 28 U.S.C. § 2255. Pursuant to the AEDPA, the limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255. Therefore, unless subject to an exception under the AEDPA, a petitioner must file an application for relief under § 2255 within one year of his conviction becoming final. A petitioner's conviction becomes final when the United States Supreme Court takes action on a petition for writ of certiorari or the time expires for filing a petition for a writ of certiorari contesting an appellate court's affirmance of the conviction. *See Clay v. United States*, 537 U.S. 522 (2003).

Petitioner seeks to apply the Supreme Court's recent holdings in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005). Petitioner asserts that another recent Supreme Court case, *Dodd v. United States*, 545 U.S. ___, 125 S. Ct. 2478 (2005), provides that Petitioner has one year from January 12, 2005 (the date *Booker* was decided) to file a § 2255 motion seeking relief under *Booker*. Petitioner's claim fails here, however, as Petitioner's current § 2255 petition is successive and untimely.

As noted above, Petitioner's conviction became final in 1995. The Fourth Circuit has held that the AEDPA's time limit is a statute of limitation, not a jurisdictional bar, and therefore "is subject to equitable tolling, at least in principle." *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). However, equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 330. Petitioner would be entitled to equitable tolling of the statute of limitations period if he "presents (1) extraordinary circumstances, (2) beyond [his] control or external to [his] own conduct, (3) that prevented [him]

2

The petition is dismissed as this court is without jurisdiction to consider it.

**IT IS SO ORDERED**.

                                                    s/ Cameron McGowan Currie  
                                                    CAMERON MCGOWAN CURRIE  
                                                    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
December 7, 2005  
C:\temp\notesFFF692\05-3383 Bell v. USA e dismissed as successive petition.wpd

---

from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Government) prevented Petitioner from filing a petition, or extraordinary circumstances beyond Petitioner's control made it impossible to timely file the claim. *See Harris*, 209 F.3d at 330. Petitioner has presented no evidence that would lead this court to consider this matter appropriate for an application of equitable tolling.

3